# EXHIBIT A

Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF
ERNEST CUADRA on behalf of himself and others
similarly situated.

ENDORSED
FILED
ALAMEDA COUNTY

DEC 3 - 2019

CLERK OF THE SUPERIOR COURT
AMRIT KHAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ERNEST CUADRA on behalf of himself and others similarly situated. | Case No.: **RG19045340** |
| PLAINTIFF, | **CLASS ACTION** |
| vs. | **PLAINTIFF ERNEST CUADRA'S COMPLAINT FOR:** |
| FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; FEDEX, a business entity unknown; and DOES 1 to 100, Inclusive. | **1. FAILURE TO PAY MINIMUM WAGE OR OVERTIME WAGES FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1197, 1198, AND THE WAGE ORDERS** |
| DEFENDANTS. | **2. FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 226.7, 512, 1198, AND THE WAGE ORDERS** |
| | **3. FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7, 1198, AND THE WAGE ORDERS** |
| | **4. FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** |

FAX FILE

5.   **FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

6.   **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.***

**DEMAND FOR JURY TRIAL**

     **NOW COMES** Plaintiff ERNEST CUADRA ("Plaintiff"), who alleges and complains against defendants FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX., and DOES 1 to 50, inclusive, (hereinafter, collectively referred to as "Defendants" or "DEFENDANTS"), and DOES 51 to 100 as follows:

## I.   INTRODUCTION

     1.   This is a wage and hour class action lawsuit on behalf of Plaintiff and other current and former non-exempt employees of DEFENDANTS in California seeking within the applicable statute of limitations periods (taking into account any tolling, if applicable): unpaid minimum wage, liquidated damages, and overtime premium for hours worked which were not compensated with wages, unpaid meal and rest period premium wages for Defendant's failure to provide all legally required and legally compliant meal and rest periods, statutory penalties for failure to provide accurate and complete wage statements and failure to timely pay all unpaid wages following separation of employment; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 226(e), 1194, costs, and interest, if applicable, brought on behalf of Plaintiff and others similarly situated.

## II.   JURISDICTION AND VENUE

     2.   This Court has jurisdiction over Plaintiff and the Class Members' claims because Plaintiff's lawsuit seeks permanent injunction, damages, and restitution for himself and the class in excess of $25,000 and DEFENDANTS employed class members and injuries occurred in locations

EXHIBIT A   PAGE 16

1   throughout California including in Alameda County at its warehouse locations at 8455 Pardee Drive,

2   Oakland California 94621 and 1600 63rd St., Emeryville, CA 94608.

3   **III.   PARTIES**

4       3.    Plaintiff brings this action on behalf of himself and other members of the general

5   public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action is

6   filed are current, former and/or future employees of DEFENDANTS who worked, work, or will work

7   for DEFENDANTS as non-exempt hourly employees in California. At all times mentioned herein,

8   the currently named Plaintiff is and was domiciled and a resident and citizen of California and was

9   employed by DEFENDANTS in a non-exempt position within the 4 years prior to the filing of the

10  complaint.

11      4.    Plaintiff is informed and believes and thereon alleges that Defendant FEDEX

12  GROUND PACKAGE SYSTEM, INC. is a foreign entity domiciled and a citizen of Delaware and

13  Pennsylvania, incorporated in Delaware with its principal place of business in Pennsylvania, is

14  authorized to do business within the State of California, and is doing business in the State of California

15  and/or that Defendants DOES 51-75 are, and at all times relevant hereto were persons acting on behalf

16  of FEDEX GROUND PACKAGE SYSTEM, INC. who violated or caused to be violated provisions

17  of the Labor Code and/or the Industrial Welfare Commission's wage orders regulating hours and days

18  of work. Plaintiff is informed and believes and thereon alleges that FEDEX GROUND PACKAGE

19  SYSTEM, INC. was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated

20  non-exempt employees to work and exercised control over the wages, hours and working conditions

21  of employment of Plaintiff and similarly situated non-exempt employees.

22      5.    Plaintiff is informed and believes and thereon alleges that Defendant FEDEX is a

23  business entity unknown authorized to do business within the State of California, and is doing

24  business in the State of California and/or that Defendants DOES 76-100 are, and at all times relevant

25  hereto were persons acting on behalf of FEDEX who violated or caused to be violated provisions of

26  the Labor Code and/or the Industrial Welfare Commission's wage orders regulating hours and days

27  of work. Plaintiff is informed and believes and thereon alleges that FEDEX was Plaintiff's employer

28  and suffered and permitted Plaintiff and similarly situated non-exempt employees to work and

EXHIBIT A  PAGE 17

1   exercised control over the wages, hours and working conditions of employment of Plaintiff and
2   similarly situated non-exempt employees.

3        6.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through
4   50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff
5   that employed PLAINTIFF and the similarly situated California non-exempt employees, permitted
6   Plaintiff and similarly situated non-exempt employees to work, and exercised control over the wages,
7   hours and working conditions of employment of Plaintiff and similarly situated non-exempt
8   employees.

9        7.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51
10  through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued
11  individually and in his or her capacity as an agent, shareholder, owner, representative, manager,
12  supervisor, independent contractor and/or employee of each defendant who violated or caused to be
13  violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the
14  Industrial Welfare Commission's wage orders regulating hours and days of work.

15       8.    Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff
16  sues said defendants by said fictitious names, and will amend this complaint when the true names and
17  capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by
18  law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants
19  is in some manner responsible for the events and allegations set forth in this complaint.

20       9.    Plaintiff makes the allegations in this complaint without any admission that, as to any
21  particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff
22  reserves all of Plaintiff's right to plead in the alternative.

23  **IV.**    **<u>DESCRIPTION OF ILLEGAL PAY PRACTICES</u>**

24       10.    **Failure to pay minimum wage, or overtime wages if applicable, for all hours**
25  **worked to non-exempt employees:** In California, an employer is required to pay an employee for
26  all "hours worked" which includes all time that an employee is under control of the employer and
27  including all time that the employee is suffered and permitted to work whether or not the employee
28  is required to work. This includes time an employee is required to be present at a certain location

COMPLAINT<br>4

1    whether or not the employee is working, including meal times. (*Mendiola v. CPS Security Solutions,*
2    *Inc.* (2015) 60 Cal.4th 833, 840-842, *Morillion vs. Royal Packing Co.* (2000) 22 Cal.4th 575, 582.)
3    Labor Code sections 1194, 1197 and the Wage Orders require that an employer compensate
4    employees for "hours worked" at least at a minimum wage rate of pay as established by the wage
5    orders. Labor Code sections 510, 1194 and the Wage Orders require that an employer compensate
6    employees for "hours worked" at a higher rate of pay when an employee works over a certain number
7    of hours: 1.5 times the regular rate of pay for hours worked over 8 hours up to 12 hours in a workday,
8    over 40 hours in a workweek, or up to 8 hours on a seventh day of work in a workweek or 2 times the
9    regular rate of pay for hours worked over 12 hours in a workday.

10       11.    At times during the four years prior to the filing of the Complaint, DEFENDANTS
11    used policies and procedures which failed to provide warehouse employees with wages at the
12    applicable minimum wage rate and/or overtime rate for all the time they actually worked.
13    DEFENDANTS operate warehouse locations in California, including but not limited to locations in
14    the cities of Oakland, Emeryville, and City of Industry. At times during the four years prior to the
15    filing of the Complaint, DEFENDANTS required Plaintiff and other warehouse employees to go
16    through security screening at the beginning of their shift, any time they left the premises during meal
17    or rest breaks or returned from leaving the premises during meal or rest breaks, and at the end of their
18    shift. This time spent going through the security check included time that Plaintiff and other
19    warehouse employees had to wait while other employees were also lined up to go through security
20    screening and walking from the security screening location to the time clock or walking from the time
21    clock to the security screening location. Even though the security screening was a requirement by
22    DEFENDANTS, DEFENDANTS did not pay wages to Plaintiff or other warehouse employees for
23    the time they waited in line or went through security screening at the beginning of their shift, any
24    time they left the premises during meal breaks or returned from leaving the premised during meal
25    breaks, at the end of their shift, or time spent walking from the security screening location to the time
26    clock or walking from the time clock to the security screening location. The security screening
27    occurred outside of the Plaintiff and other warehouse employees' recorded work time (i.e., outside of
28    the time employees were "clocked in") and DEFENDANTS did not pay any additional wages to

Plaintiff or other warehouse employees for this time. In addition, at times Plaintiff and other warehouse employees worked "overtime" consisting of hours worked in excess of 8 up to 12 hours in a workday, over 40 hours in a workweek, up to 8 hours on any seventh consecutive day in a workweek, hours worked in excess of 12 hours in a workday, or over 8 hours on any seventh consecutive day in a workweek. To the extent the time spent waiting in line or passing through security checks was during these overtime hours, DEFENDANTS did not pay additional wages at an overtime rate (i.e., 1.5 times the employees' regular rate of pay for hours in excess of 8 up to 12 hours in a workday, over 40 hours in a workweek, up to 8 hours on any seventh consecutive day in a workweek and 2 times the employees' regular rate of pay for hours in excess of 12 hours in a workday or over 8 hours on any seventh consecutive day in a workweek) to the employees.

12. As a result of these policies, DEFENDANTS failed to compensate these employees with wages at least at a minimum wage rate for all time worked and at an overtime rate for all overtime hours worked when the employees had already worked in excess of 8 up to 12 hours in a workday, over 40 hours in a workweek, up to 8 hours on any seventh consecutive day in a workweek, hours worked in excess of 12 hours in a workday, or over 8 hours on any seventh consecutive day in a workweek.

13. DEFENDANTS' policies and procedures were applied to all non-exempt warehouse employees in California at times during the four years prior to the filing of the Complaint and resulted in non-exempt warehouse employees working time which was not compensated any wages in violation of Labor Code sections 510, 1194, 1197, 1198 and the Wage Orders. DEFENDANTS owe wages at a minimum wage rate, or overtime rate if applicable, for unpaid time to each of their California non-exempt warehouse employees who did not receive wages for all hours worked based on DEFENDANTS' failure to pay wages for mandatory security screening and related activities (e.g., waiting in line and walking between time clock and screening location).

14. **Failure to pay premium wages to non-exempt warehouse employees to compensate them for workdays Defendants failed to provide all legally required and/or legally compliant meal breaks:** California law requires employers to provide employees with a 30-minute uninterrupted meal period for each five hours of work before the end of each five hour period of work

during which time the employee is relieved of all duties and employer control. (Wage Orders, subd. 11; *Brinker Rest. Corp. v. Super. Ct.* (2012) 53 Cal.4th 1004, 1039, 1041.) If the employee is not relieved of all duties during a 30 minute meal period, the meal period is considered "on duty" and the entire meal period is counted as time worked. (Wage Orders, subd. 11.) The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so. (*Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1040.) If an employee is not free to leave the work place during a meal period, the employee is not relieved of all duties during the meal period and is subject to the control of the employer and does not comply with the requirement of an employee being relieved of all duties during their meal. (*Bono Enterprises v. Labor Commissioner* (1995) 32 Cal.App.4th 968.) Further, an employer cannot impede or discourage an employee from taking a meal period off premises and which they are relieved of all duties and control of the employer. (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1039.) If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

15.     DEFENDANTS implemented policies which failed to provide Plaintiff and other current and former warehouse employees with all meal periods as required by and in compliance with the law, including full duty free and timely meal periods. Warehouse employees were required to only take a thirty minute meal break but were also required to pass through security checks and/or wait in line for employees passing through security checks and walking between time clocks and security locations during their meal period time if leaving/entering the premises during meal periods resulting in DEFENDANTS providing less than a 30 minute meal break. In addition, DEFENDANTS discouraged employees from taking a meal period off-premises by limiting an employees' ability to take a full 30 minute meal period off-premises by requiring the employees to pass through security checks during their meal period time if leaving/entering the premises during meal periods while continuing to limit their meal periods to only thirty minutes.

16.     DEFENDANTS also failed to pay employees one hour of pay at their regular rate of

pay for each workday Plaintiff and similarly situated employees did not receive all legally required and legally compliant meal periods due to DEFENDANTS' warehouse security procedures.

17.     This practice resulted in Plaintiff and all other similarly situated employees working at warehouses not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with all legally required and legally compliant meal periods in compliance with California law.

18.     **Failure to pay premium wages to non-exempt warehouse employees to compensate them for workdays Defendants failed to provide all legally required and/or legally compliant rest breaks:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work period. (Wage Orders, subd. 12.) In addition, if an employer requires employees to stay on the premises during the rest period, they are under control of the employer and they are not relieved of all duties in violation of California law. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 271.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (Wage Orders, subd. 12.)

19.     At times, DEFENDANTS employed policies and procedures which failed to provide Plaintiff and other warehouse employees with uninterrupted duty free 10 minute rest periods for each

four hours or major fraction thereof worked. As noted above, DEFENDANTS required Plaintiff and other warehouse employees to go through security screening at the beginning of their shift, any time they left the premises during meal or rest breaks or returned from leaving the premised during meal or rest breaks, and at the end of their shift. This time spent passing through security checks and/or waiting in line for employees passing through security checks was uncompensated time which caused portions of Plaintiff's and other employees' rest period to be not relieved of all duties and employer control and/or less than a 10 minute rest breaks being given for each 4 hours or major fraction thereof worked. Plaintiff and other warehouse employees were required to only take a ten minute break but were also required to pass through security checks and/or wait in line for employees passing through security checks during their rest period time if leaving/entering when leaving the premises for a rest period resulting in less than a 10 minute rest break being provided, limiting an employees' ability to take a full 10 minute rest period off-premises, and/or discouraging employees from taking a rest period off-premises.

20. DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely and legally compliant rest periods due to DEFENDANTS' security procedures.

21. This practice resulted in Plaintiff and all other similarly situated California non-exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with all legally required and/or legally compliant rest periods in compliance with California law.

22. **Pay Stub Violations:** California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages

earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or employee number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

23.     At times during the one year prior to the filing of the Complaint, DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff and other non-exempt employees. At times during the one year prior to the filing of the Complaint, DEFENDANTS did not accurately state Plaintiff and other warehouse employees' gross wages earned, total hours worked, net wage earned, and number of hours worked at each hourly rate by the employees. DEFENDANTS inaccurately set forth this information because DEFENDANTS failed to account for the hours worked and wages earned by employees during the time they were required to wait in line for and go through mandatory security checks at the beginning of their shift and walk between time clocks and security, any time they left the premises during meal breaks or returned from leaving the premised during meal breaks, and at the end of their shift, as also described above. DEFENDANTS also failed to account for and pay for meal and rest period premium wages for its failure to provide legally compliant and all legally required meal and rest periods due to its requirement that employees pass through and wait in line for mandatory security checks during meal and rest breaks, as described above in more detail. Thus, the wage statements provided to employees were inaccurate because they did not include the hours worked and wages earned by employees during security screening time and/or meal and rest period premiums that should have been paid.

24.     At times during the one year prior to the filing of the Complaint, DEFENDANTS applied these policies and procedures to Plaintiff and other non-exempt employees in California which resulted in DEFENDANTS failing to provide complete and accurate wage statements to non-exempt employees in compliance with Labor Code section 226, subdivision (a).

25.     **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201)

1   or within 72 hours of resignation (Lab. Code §202).

2        26.    At times during the four years prior to the filing of the complaint to the present,

3   DEFENDANTS failed to pay Plaintiff and other non-exempt employees with all wages as mentioned

4   in more detail above (including unpaid minimum wage and/or overtime, meal period premium wages,

5   and rest period premium wages as a result of Defendants' mandatory security procedure as alleged

6   above in more detail) during their employment and never paid these amounts after Plaintiff and other

7   California employees separated employment with DEFENDANTS. As a result, DEFENDANTS

8   failed to pay those employees timely after each employee's termination and/or resignation in violation

9   of Labor Code sections 201 and 202. As a result, DEFENDANTS failed to pay those employees

10  timely after each employee's termination and/or resignation in violation of Labor Code sections 201

11  and 202.

12  **V.      CLASS DEFINITIONS AND CLASS ALLEGATIONS**

13       27.    Plaintiff brings this action on behalf of himself, on behalf of all others similarly

14  situated, and on behalf of the General Public, and as a member of a Class defined as follows:

15       A.     **Minimum Wage Class**: All current and former non-exempt warehouse

16  employees required to pass through Defendant's mandatory security checks employed in California

17  at any time within the four years prior to the filing of the initial complaint in this action and through

18  the date notice is mailed to a certified class, who were not paid wages at the legal minimum wage rate

19  for all hours worked.

20       B.     **Overtime Class:** All current and former non-exempt warehouse employees

21  required to pass through Defendant's mandatory security checks employed in California at any time

22  within the four years prior to the filing of the initial complaint in this action and through the date

23  notice is mailed to a certified class, who were not paid overtime wages for all overtime hours worked

24  during time periods he or she had already worked in excess of 8 hours in a day, 40 hours in a week,

25  or were working on a seventh consecutive day of work.

26       C.     **Meal Period Class**: All current and former non-exempt warehouse employees

27  required to pass through Defendant's mandatory security checks employed in California at any time

28  within the four years prior to the filing of the initial complaint in this action and through the date

COMPLAINT
11

notice is mailed to a certified class who worked more than 5 hours in a shift and did not receive meal periods during which they were relieved of all duties and control of Defendants for 30 minutes for each five hours of worked provided prior to the end of each work period of five hours.

D.      **Rest Period Class**: All current and former non-exempt warehouse employees required to pass through Defendant's mandatory security checks employed in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than 3.5 hours in a shift and did not receive wages to compensate employees for workdays Defendants failed to provide rest periods that the employees wore relieved of all duties and control by Defendants.

E.      **Wage Statement Class**: All current and former non-exempt warehouse employees required to pass through Defendant's mandatory security checks employed in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

F.      **Waiting Time Class**: All non-exempt warehouse employees required to pass through Defendant's mandatory security checks employed in California and whose employment ended with Defendant at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class and he or she did not timely receive all unpaid wages following his or her separation of employment.

G.      **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

28.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.      **Numerosity**: While the exact number of class members in each class is unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.      **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited

to:

i.      Whether Defendants failed to pay wages for all hours worked to the Minimum Wage Class and Overtime Class;

ii.     Whether Defendants failed to provide legally required and legally compliant meal breaks or owed meal period premiums to the Meal Period Class;

iii.    Whether Defendants failed to provide all legally required and legally compliant rest breaks or owed rest period premiums to the Rest Period Class;

iv.    Whether Defendants failed to provide the Wage Statement Class Members with accurate and complete itemized wage statements;

v.     Whether Defendants failed to provide the Waiting Time Class Members with all unpaid wages following separation of employment;

vi.    Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

vii.   Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with his claims; and

viii.  Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief;

C.      **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class and/or Overtime Class sustained damages and/or loss of vested wages based on Defendants' failure to pay wages for all hours worked by not compensating mandatory security screening time. Plaintiff and members of the Meal Period and Rest Period Classes sustained damages and/or loss of vested wages based on Defendants' failure to provide wages for workdays Defendants failed to provide all legally compliant meal periods and rest periods. Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate and/or complete itemized wage statements in compliance with Labor Code section 226. Plaintiff and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to timely pay all wages following separation of employment in compliance with Labor Code section 201 and 202.

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's Counsel is qualified to conduct the litigation.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE OR OVERTIME WAGES FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1197, 1198, AND THE WAGE ORDERS**

**(Against DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX., and DOES 1 to 50 by the Minimum Wage Class and Overtime Class)**

29.    Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

30.     At all times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class and Overtime Class were non-exempt employees of DEFENDANTS in California and covered by California Labor Code sections 510, 1194, 1197, 1198 and the Wage Orders.

31.     In California, an employer is required to pay an employee for all "hours worked" which includes all time that an employee is under control of the employer and including all time that the employee is suffered and permitted to work whether or not the employee is required to work. This includes time an employee is required to be present at a certain location whether or not the employee is working, including meal times. (*Mendiola v. CPS Security Solutions, Inc.* (2015) 60 Cal.4th 833, 840-842, *Morillion vs. Royal Packing Co.* (2000) 22 Cal.4th 575, 582.) Labor Code sections 1194, 1197 and the Wage Orders require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the wage orders. Labor Code sections 510, 1194 and the Wage Orders require that an employer compensate employees for "hours worked" at a higher rate of pay when an employee works over a certain number of hours: 1.5 times the regular rate of pay for hours worked over 8 hours up to 12 hours in a workday, over 40 hours in a workweek, or up to 8 hours on a seventh day of work in a workweek or 2 times the regular rate of pay for hours worked over 12 hours in a workday.

32.     At times during the four years prior to the filing of the Complaint, DEFENDANTS used policies and procedures which failed to provide warehouse employees with wages at the applicable minimum wage rate and/or overtime rate for all the time they actually worked. DEFENDANTS operate warehouse locations in California, including but not limited to locations in the cities of Oakland, Emeryville, and City of Industry. At times during the four years prior to the filing of the Complaint, DEFENDANTS required Plaintiff and other warehouse employees to go through security screening at the beginning of their shift, any time they left the premises during meal breaks or returned from leaving the premises during meal breaks, and at the end of their shift. This time spent going through the security check included time that Plaintiff and other warehouse employees had to wait while other employees were also lined up to go through security screening and/or time spent walking between the time clocks and security screening locations. Even though the security screening was a requirement by DEFENDANTS, DEFENDANTS did not pay wages to

Plaintiff or other warehouse employees for the time they waited in line or went through security screening at the beginning of their shift, any time they left the premises during meal breaks or returned from leaving the premised during meal breaks, and at the end of their shift. The security screening occurred outside of the Plaintiff and other warehouse employees' recorded work time (i.e., outside of the time employees were "clocked in") and DEFENDANTS did not pay any additional wages to Plaintiff or other warehouse employees for this time. In addition, at times Plaintiff and other warehouse employees worked overtime consisting of hours worked in excess of 8 up to 12 hours in a workday, over 40 hours in a workweek, up to 8 hours on any seventh consecutive day in a workweek, hours worked in excess of 12 hours in a workday, or over 8 hours on any seventh consecutive day in a workweek. To the extent the time spent waiting in line or passing through security checks or walking between time clock and screening location was during these overtime hours, DEFENDANTS did not pay additional wages at an overtime rate to the employees.

33.     DEFENDANTS' policies and procedures were applied to all non-exempt employees in California at times during the four years prior to the filing of the Complaint and resulted in non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 510, 1194, 1197, 1198, and the Wage Orders.

34.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Minimum Wage Class and Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid minimum wage for all hours worked or overtime wages for all overtime hours worked.

35.     Pursuant to California Labor Code sections 510, 1194, 1197, 1198 and the Wage Orders, Plaintiff and the Minimum Wage Class and Overtime Class are entitled to recover unpaid wages at the applicable minimum wage rate plus liquidated damages, applicable overtime rate, interest thereon, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 226.7, 512, 1198 AND THE WAGE ORDERS**

**(Against DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX, and DOES 1 to 50 by the Meal Period Class)**

36.     Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein by reference.

37.     At all times relevant to this Complaint, Plaintiff and the members of the Meal Period Class were non-exempt employees of Defendants in warehouses in California and covered by California Labor Code sections 226.7, 512, 1198, and the Wage Orders. California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5 hour work period during which employees are relieved of all duties. (Lab. Code §§226.7, 512, 1198; Wage Orders, subd. 11.) If the employee is not relieved of all duties during a 30 minute meal period, the meal period is considered "on duty" and the entire meal period is counted as time worked. (Wage Orders, subd. 11.) If an employee is not free to leave the work place during a meal period, the employee is not relieved of all duties during the meal period and is subject to the control of the employer and does not comply with the requirement of an employee being relieved of all duties during their meal. (*Bono Enterprises v. Labor Commissioner* (1995) 32 Cal.App.4th 968.) Further, an employer cannot impede or discourage an employee from taking a meal period off premises and which they are relieved of all duties and control of the employer. (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1039.) If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

38.     DEFENDANTS implemented policies which failed to provide Plaintiff and other current and former warehouse employees with all meal periods as required by and in compliance with the law, including full duty free and timely meal periods. Warehouse employees were required to only take a thirty minute meal break but were also required to pass through security checks and/or wait in line for employees passing through security checks and/or walk between time clocks and security screening locations during their meal period time if leaving/entering the premises during meal periods resulting in DEFENDANTS providing less than a thirty minute meal break. In addition,

1  DEFENDANTS discouraged employees from taking a meal period off-premises by limiting an

2  employees' ability to take a full 30 minute meal period off-premises by requiring the employees to

3  pass through security checks during their meal period time if leaving/entering the premises during

4  meal periods while continuing to limit their meal periods to only thirty minutes.

5       39.    Defendants also failed to pay Plaintiff and similarly situated employees one hour of

6  pay at their regular rate of pay for each workday Plaintiff and employees did not receive all legally

7  required and legally compliant meal periods.

8       40.    Because Defendants failed to afford employees meal periods in compliance with the

9  law, Defendants are liable to Plaintiff and the Meal Period Class for one hour of additional pay at the

10  regular rate of compensation for each workday that Defendants did not provide all meal periods in

11  compliance with the law.

12       41.    Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other

13  relief allowable including a missed meal break wage for each workday the employees were not

14  provided with all legally required meal periods in compliance with the law.

15  

**THIRD CAUSE OF ACTION**

16  **FAILURE TO PROVIDE ALL LEGALLY REQUIRED AND LEGALLY COMPLIANT**

17  **REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7, 1198, AND THE**

18  **WAGE ORDERS**

19  **(Against DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX, and DOES**

20  **1 to 50 by the Rest Period Class)**

21       42.    Plaintiff hereby incorporates by reference the paragraphs above, as if fully set herein

22  by reference.

23       43.    At all times relevant to this Complaint, Plaintiff and the members of the Rest Period

24  Class were non-exempt employees of DEFENDANTS in California and covered by California Labor

25  Code section 226.7 and the Wage Orders.

26       44.    California law states that "[e]very employer shall authorize and permit all employees

27  to take rest periods, which insofar as practicable shall be in the middle of each work period. The

28  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

**COMPLAINT**

18

minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work period. (Wage Orders, subd. 12.) In addition, if an employer requires employees to stay on the premises during the rest period, they are under control of the employer and they are not relieved of all duties in violation of California law. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 271.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (Wage Orders, subd. 12.)

45.     At times, DEFENDANTS employed policies and procedures which failed to provide Plaintiff and other warehouse employees with uninterrupted duty free 10 minute rest periods for each four hours or major fraction thereof worked. As noted above, DEFENDANTS required Plaintiff and other warehouse employees to go through security screening at the beginning of their shift, any time they left the premises during meal or rest breaks or returned from leaving the premised during meal or rest breaks, and at the end of their shift. This time spent passing through security checks and/or waiting in line for employees passing through security checks was uncompensated time which caused portions of Plaintiff's and other employees' rest period to be not relieved of all duties and employer control and/or less than a 10 minute rest breaks being given for each 4 hours or major fraction thereof worked. Plaintiff and other warehouse employees were required to only take a ten minute break but were also required to pass through security checks and/or wait in line for employees passing through security checks during their rest period time if leaving/entering when leaving the premises for a rest period resulting in less than a 10 minute rest break being provided, limiting an employees' ability to

take a full 10 minute rest period off-premises, and/or discouraging employees from taking a rest period off-premises.

46.     DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely and legally compliant rest periods.

47.     Because DEFENDANTS failed to afford employees rest periods in compliance with the law, DEFENDANTS are liable to Plaintiff and the Rest Period Class for one hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all rest periods in compliance with the law.

48.     Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including a premium rest break wage for each workday the employees were not provided with all rest periods in compliance with the law.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226

### (Against DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX, and DOES 1 to 50 by the Wage Statement Class)

49.     Plaintiff incorporates by reference all paragraphs above as if fully alleged herein.

50.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were non-exempt employees of DEFENDANTS and covered by Labor Code Section 226.

51.     Pursuant to Labor Code Section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages

earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52.     At times during the one year prior to the filing of the Complaint, DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff and other non-exempt warehouse employees. At times during the one year prior to the filing of the Complaint, DEFENDANTS did not accurately state Plaintiff and other warehouse employees' gross wages earned, total hours worked, net wage earned, and number of hours worked at each hourly rate by the employees. DEFENDANTS inaccurately set forth this information because DEFENDANTS failed to account for the hours worked and wages earned by employees during the time they were required to wait in line for and go through mandatory security checks at the beginning of their shift and walk between time clocks and security, any time they left the premises during meal breaks or returned from leaving the premised during meal breaks, and at the end of their shift, as also described above. DEFENDANTS also failed to account for and pay for meal and rest period premium wages for its failure to provide legally compliant and all legally required meal and rest periods due to its requirement that employees pass through and wait in line for mandatory security checks during meal and rest breaks, as described above in more detail. Thus, the wage statements provided to employees were inaccurate because they did not include the hours worked and wages earned by employees during security screening time and/or meal and rest period premiums that should have been paid.

53.     DEFENDANTS' failure to provide Plaintiff and members of the Wage Statement Class with accurate and complete wage statements was knowing and intentional. DEFENDANTS knowingly and intentionally put in place practices which deprived employees of wages, i.e., failed to pay or account for security screening time and wages and/or meal and rest period premium wages owed for violations due to security screening, and resulted in DEFENDANTS' knowing and intentional providing of inaccurate wage statements.

54.     As a derivative result of the failure to pay wages and as a pattern and practice in

violation of Labor Code section 226, subdivision (a) and the IWC Wage Orders §7(A), DEFENDANTS did not and do not maintain accurate records pertaining to the total hours worked for DEFENDANTS by the members of the Wage Statement Class, including but not limited to, the periods of time spent waiting for and in security screenings, minimum wage overtime wages owed for that time, meal and rest period premium wages owed, total daily hours worked, total hours worked per pay period, and the total hours worked at each hourly rate of pay.

55. As a result of DEFENDANTS unlawful conduct, Plaintiff and members of the Class have suffered injury in that the wage statements inaccurately stated and/or failed to state the aforementioned items of information and Plaintiff and the members of the class could not promptly and easily determine from the wage statement alone an accurate statement of: the gross wages earned, the total hours worked, the net wages earned, and the applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate.

56. The Wage Statement Class suffered injury as a result of DEFENDANTS' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the 1WC Wage Orders §7(A), such that the members of the Wage Statement Class were misled by DEFENDANTS as to the correct information regarding various items, including but not limited to. total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. The actual injuries suffered by the members of the Wage Statement Class as a result of DEFENDANTS' knowing and intentional failure to maintain accurate records for the members of the Wage Statement Class include but are not limited to: (a) Confusion over whether they received all wages owed them by DEFENDANTS; (b) The difficulty and expense of attempting to reconstruct time and pay records; (c) Being forced to engage in mathematical computations to analyze whether DEFENDANTS' wages in fact compensated for all hours worked; (d) The inability to accurately calculate wage rates complicated by the fact that wage

statement information required by Labor Code §226 is not accurate; (e) That such practice prevents the members of the Wage Statement Class from being able to effectively challenge information on their wage statements; and/or (f) The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

57.     Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover actual damages or fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

58.     Pursuant to Labor Code Section 226(g), Plaintiff and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with Labor Code Section 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed members of the Class with inaccurate wage statements in violation of Labor Code Section 226(a) and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS comply with Labor Code Section 226(a).  (Lab. Code §226, subd. (h).)

59.     Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiff and members of the Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney fees, and costs of suit.

### FIFTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203 (Against DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX, and DOES 1 to 50 by the Waiting Time Class)**

60.     Plaintiff incorporates all paragraphs above as if fully alleged herein.

61.     At all relevant times, Plaintiff and the other members of the Waiting Time Class were non-exempt warehouse employees of DEFENDANTS in California and covered by Labor Code

Sections 201 or 202. Plaintiff's employment was terminated in May 2019, but Plaintiff has never been paid his unpaid wages for time spent passing through mandatory security checks and/or meal and rest period premiums owed as a result of Defendant not providing meal periods and rest periods because of its mandatory security checks during meal and rest breaks.

62.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of Waiting Time Classes were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

63.     During the three years prior to the filing of the Complaint, DEFENDANTS failed to pay Plaintiff and the Waiting Time Class with all wages as alleged above (i.e., minimum wage/overtime, meal and rest period premium wages) during their employment and never paid these amounts after the employees separated employment from DEFENDANTS. The unpaid wages included the unpaid overtime unpaid and earned during periods the additional remuneration was earned as described in more detail above. DEFENDANTS failure to pay these

64.     DEFENDANTS' failure to pay Plaintiff and members of the Waiting Time Class all unpaid wages prior to termination or within 72 hours of resignation in accordance with Labor Code Sections 201 or 202 was willful. DEFENDANTS had the ability to pay all wages earned by hourly workers prior to termination or within 72 hours of resignation in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. DEFENDANTS' practices are described in further detail above. When DEFENDANTS failed to timely pay hourly workers all unpaid wages earned at the time of termination or within 72 hours of resignation, DEFENDANTS knew what they were doing and intended to do what they did.

65.     Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to termination that DEFENDANTS did not pay

them.

66.     Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Classes are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

67.     Pursuant to Labor Code Sections Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereon.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.*

### (Against DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX and DOES 1 to 50 by the California Class)

68.     Plaintiff incorporates all paragraphs above as if fully alleged herein.

69.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. This unfair conduct includes DEFENDANTS' use of policies and procedures which resulted in DEFENDANTS' failure to provide: minimum wage or applicable overtime wages for all hours worked, meal and rest period premium wages, complete and accurate wage statements, and timely payment of final wages, all as described in more detail above. Due to DEFENDANTS' unfair and unlawful business practices in violation of the Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to provide their employees with: wages at the applicable rate for all hours worked, meal and rest period premium wages when employees weren't provided all legally required and compliant meal and rest periods, complete and accurate wage statements, and timely payment of final wages, all as described in more detail above.

70.     As a result of DEFENDANTS' unfair competition as alleged herein, Plaintiff and members of the California Class have suffered injury in fact and lost money or property, as described in more detail above and are entitled to restitution and/or injunctive relief.

71.     Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the California Class are entitled to restitution of all wages (unpaid minimum wage and overtime and meal and rest period premium wages) and other monies rightfully belonging to them that DEFENDANTS failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against DEFENDANTS on behalf of the California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:**

1.      That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.      That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.      A declaratory judgment that the practices complained herein are unlawful; and,

4.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the minimum wage provisions and overtime provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Minimum Wage Class and Overtime Wage Class;

2.      For damages, according to proof, including unpaid wages during the relevant statute of limitations subject to any permissible tolling;

3.      For any and all legally applicable penalties during the relevant statute of limitations

1    subject to any permissible tolling;

2        4.     For liquidated damages pursuant to Labor Code section 1194.2;

3        5.     For pre-judgment interest, including but not limited to that recoverable under

4    California Labor Code section 1194, and post-judgment interest;

5        6.     For attorneys' fees and costs of suit, including but not limited to that recoverable under

6    California Labor Code section 1194; and,

7        7.     For such and other further relief, in law and/or equity, as the Court deems just or

8    appropriate.

9                    **ON THE SECOND CAUSE OF ACTION:**

10       1.     That the Defendants be found to have violated the meal break provisions of the Labor

11    Code and the IWC Wages Orders as to the Plaintiff and the Meal Period Class;

12       2.     For damages, according to proof, including unpaid wages;

13       3.     For any and all legally applicable penalties;

14       4.     For pre-judgment interest, including but not limited to that recoverable under

15    California Labor Code section 218.6, and post-judgment interest; and

16       5.     For such and other further relief, in law and/or equity, as the Court deems just or

17    appropriate.

18                    **ON THE THIRD CAUSE OF ACTION:**

19       1.     That the Defendants be found to have violated the rest break provisions of the Labor

20    Code and the IWC Wages Orders as to the Plaintiff and the Rest Period Class;

21       2.     For damages, according to proof, including unpaid wages;

22       3.     For any and all legally applicable penalties;

23       4.     For pre-judgment interest, including but not limited to that recoverable under

24    California Labor Code section 218.6, and post-judgment interest; and

25       5.     For such and other further relief, in law and/or equity, as the Court deems just or

26    appropriate

27                   **ON THE FOURTH CAUSE OF ACTION:**

28       1.     That the Defendants be found to have violated the provisions of the Labor Code

1   regarding proper itemized paystubs as to the Wage Statement Class;

2       2.    For damages and/or penalties, according to proof, including damages and/or statutory

3   penalties under Labor Code section 226(e) and any other legally applicable damages or penalties

4   incurred during the relevant statute of limitations subject to any permissible tolling;

5       3.    For pre-judgment interest and post-judgment interest;

6       4.    For attorneys' fees and costs of suit, including but not limited to that recoverable

7   under California Labor Code section 226(e); and,

8       5.    For such and other further relief, in law and/or equity, as the Court deems just or

9   appropriate.

10   **ON THE FIFTH CAUSE OF ACTION:**

11       1.    That the Defendants be found to have violated the provisions of the Labor Code

12   regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

13       2.    For damages and/or penalties, according to proof, including damages and/or statutory

14   penalties under Labor Code section 203 and any other legally applicable damages or penalties during

15   the relevant statute of limitations subject to any permissible tolling;

16       3.    For pre-judgment interest, including under California Labor Code section 218.6, and

17   post-judgment interest; and,

18       4.    For such and other further relief, in law and/or equity, as the Court deems just or

19   appropriate.

20

21   **ON THE SIXTH CAUSE OF ACTION:**

22       1.    That the Defendants be found to have violated Business and Professions Code section

23   17200 for the conduct alleged herein as to all Classes;

24       2.    A declaratory judgment that the practices complained herein are unlawful;

25       3.    An injunction against Defendants enjoining them, and any and all persons acting in

26   concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

27   herein;

28       4.    For restitution to the full extent permitted by law; and,

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: December 2, 2019

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:

Joseph Lavi, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
ERNEST CUADRA and Other Class Members

## DEMAND FOR JURY TRIAL

PLAINTIFF ERNEST CUADRA demands a trial by jury for himself and the Class on all claims so triable.

Dated: December 2, 2019

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:

Joseph Lavi, Esq.
Jordan D. Bello, Esq.
Attorneys for PLAINTIFF
ERNEST CUADRA and Other Class Members