**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 20-10719-JFW(SKx)** | Date:  August 11, 2021 |

Title:   Ernest Cuadra *-v-* FedEx Ground Package System, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| **Courtroom Deputy** | **Court Reporter** |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [filed 7/19/2021; Docket No. 73];**

**ORDER DENYING DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S REQUEST FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO THE 13 NEW CLASS DEFINITIONS PROPOSED IN PLAINTIFF'S REPLY [filed 8/6/2021; Docket No. 103];**

    On July 19, 2021, Plaintiff Ernest Cuadra ("Plaintiff") filed a Motion for Class Certification. On July 26, 2021, Defendant FedEx Ground Package System, Inc. ("Defendant") filed its Opposition.  On August 2, 2021, Plaintiff filed a Reply.   On August 6, 2021, Defendant filed a Request for Leave to File Sur-Reply in Response to the 13 New Class Definitions Proposed in Plaintiff's Reply ("Request for Leave to File Sur-Reply").   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for August 16, 2021 is hereby vacated and the matters are taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

    The Court finds that the briefing and evidence presented by the parties are wholly inadequate for the Court to rule on Plaintiff's Motion for Class Certification. Indeed, Defendant appears to have misinterpreted and misconstrued Plaintiff's original proposed classes, and

presents evidence regarding locations which did not have any security screening.[1]  And, recognizing that his original proposed classes included uninjured class members, Plaintiff pivots and proposes new class definitions in his Reply.  These issues should have been resolved earlier in this litigation and certainly at an appropriately conducted Rule 7-3 conference.  In any event, the Court is unable to make a reasoned decision without briefing and evidence specifically directed at Plaintiff's new class definitions.  Accordingly, Plaintiff's Motion for Class Certification is **DENIED without prejudice** to re-filing on or before **September 13, 2021.** Defendant's Request for Leave to File Sur-Reply is **DENIED**.

   IT IS SO ORDERED.

---

[1] Defendant also fails to organize the evidence and declarations offered in support of its Opposition in a logical and meaningful fashion, apparently in an attempt to obfuscate or make it difficult to ascertain the possible commonalities between relevant class members.  In the future, in its opposition to any renewed motion for class certification, Defendant shall organize the declarations of potential class members by location number (e.g., all declarations from potential class members who work at location number 14 should be included as consecutive exhibits).  In addition, Defendant shall include, as an exhibit in support of its opposition, a table identifying the name of each potential class member who filed a declaration, the location number for each potential class member, and a description of the security features present at the relevant facility.  The Court reminds Defendant that "[j]udges are not like pigs, hunting for truffles buried" in evidence. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991).