EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST CUADRA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; FEDEX, a business entity unknown; and DOES 1 to 100, Inclusive,<br><br>Defendants. | Case No. 2:20-cv-10719-JFW (SKx)<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 25, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 7A<br><br>*[Concurrently filed with Notice of Motion for Partial Summary Judgment; Separate Statement; Declarations of Andrea Cox and Alexander M. Chemers; Questions and Answers from Cited Testimony; and [Proposed] Order]*<br><br>Complaint Filed: December 3, 2019<br>Trial Date: December 14, 2021<br>Pre-Trial Conf.: November 19, 2021<br>District Judge: Hon. John F. Walter<br>Courtroom 7A, First St.<br>Magistrate Judge: Hon. Steve Kim<br>Courtroom 540, Roybal |

48631772.1

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS ...................................................................................I

MEMORANDUM OF POINTS AND AUTHORITIES....................................1

I.     INTRODUCTION ...................................................................................1

II.    STATEMENT OF UNDISPUTED FACTS............................................2

    A.    Plaintiff's Core Allegation Related to Alleged Security Checks. ...................................................................................2

    B.    Plaintiff Framed His Wage Statement Claim As Purely "Derivative".........................................................................2

    C.    Plaintiff Testified That His Wage Statements Accurately Identified All Amounts He Was Paid...............................3

III.   APPLICABLE LEGAL STANDARD ...................................................4

IV.   LEGAL ARGUMENT...........................................................................5

    A.    Plaintiff's Wage Statements Included The Required Categories Of Information And Accurately Reflected All Amounts Paid. ...................................................................5

    B.    Plaintiff's Derivative Section 226 Claim Seeks an Impermissible Double Recovery. ...................................5

    C.    Plaintiff Fails to Allege the Requisite Injury Because His Wage Statements Accurately Reported the Wages Paid...............8

V.    CONCLUSION......................................................................................10

48631772.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Castro v. Wal-Mart Inc.*, No. 20-cv-00928-JAM-KJN,
2020 WL 4748167 (E.D. Cal. Aug. 17, 2020) ...................................... 6

*De La Torre v. Am. Red Cross,* No. CV 13-4302-DDP (JEMx),
2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ....................................... 8

*Fodera v. Equinox Holdings, Inc*., No. 19-CV-05072-WHO,
2020 WL 3961985 (N.D. Cal. July 13, 2020) .................................... 7

*Krauss v. Wal-Mart, Inc.*, No. 2:19-cv-00838-JAM-DB,
2019 WL 6170770 (E.D. Cal. Nov. 20, 2019) .................................... 7

*Lyter v. Cambridge Sierra Holdings, LLC*, No. CV 17-3435-MWF
(AGRx), 2017 WL 8186044 (C.D. Cal. July 25, 2017) ...................... 9

*Morales v. Paschen Management Corporation*, No. CV 19-2505-MWF
(GJSx), 2019 WL 6354396 (C.D. Cal. Sept. 27, 2019) ...................... 7

*Parsittie v. Schneider Logistics, Inc.*, --- Fed. Appx. ---, 2021 WL
2365978 (9th Cir. June 9, 2021) ....................................................... 6

*Parsittie v. Schneider Logistics, Inc.*, No. 19-3981-MWF (AFMx),
2020 WL 2120003 (C.D. Cal. Oct. 29, 2019) .................................... 6

*Pyara v. Sysco Corp*., No. 2:15-CV-01208-JAM-KJN,
2016 WL 3916339 (E.D. Cal. July 20, 2016) .................................... 7

*Razo v. Cemex Construction Materials Pacific, LLC*, No. CV 20-11175-
MWF (KSx), 2021 WL 3466326 (C.D. Cal. Mar. 30, 2021) .............. 7

*Sagastume v. Psychemedics Corporation, et al.*, CV 20-6624 DSF
(GJSx), 2020 WL 8175597 (C.D. Cal. Nov. 30, 2020) .................. 6, 7

*Sherman v. Schneider National Carriers, Inc.,* No. 18-08609-AB (JCx),
2019 WL 3220585 (C.D. Cal. March 6, 2019) .................................. 9

**California Cases**

*Maldonado v. Epsilon Plastics, Inc.*,
22 Cal. App. 5th 1308 (2018), *review denied* (Aug. 22, 2018) .......... 5, 7

*Soto v. Motel 6 Operating, L.P.*,
4 Cal. App. 5th 385 (2016) ............................................................. 8

**California Statutes**

California Labor Code
§ 226 ......................................................................................*passim*

48631772.1

**Other Authorities**

Fed. R. Civ. Proc. 56(a) ................................................................................4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

48631772.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    <u>INTRODUCTION</u>

Plaintiff Ernest Cuadra ("Plaintiff") asserts six causes of action against his former employer FedEx Ground Package System, Inc. ("FedEx Ground" or "Defendant").  All of these claims rest on the same core allegation, namely, Plaintiff's contention that alleged security checks resulted in off-the-clock work and non-compliant meal periods and rest breaks.[1]

Plaintiff briefly worked for Defendant during the relevant period.  Because the value of his wage claims is miniscule, Plaintiff seeks to magnify his recovery by pursuing penalties under a "derivative" theory.  This includes Plaintiff's fourth cause of action for inaccurate wage statements, which is the focus of this Motion for Partial Summary Judgment.  **Plaintiff concedes that his wage statements contain the categories of information required by Labor Code § 226(a), that they accurately reflect the amounts that he was paid during his employment, and that he knew any security check time was not included in his pay.**  He nevertheless argues that the wage statements were "inaccurate" because he *should have been paid* additional amounts but was not.

This theory fails as a matter of law.  Plaintiff is free to seek unpaid wages at trial, but awarding statutory penalties through Section 226 represents an impermissible double recovery.  The remedy for unpaid wages is the unpaid wages, not wage statement penalties.  For this same reason, Plaintiff cannot meet the injury requirement of Section 226(e).  An employee is only injured if their wage statements fail to document the amounts actually paid.  Here, Plaintiff admits that his wage statements were accurate and tracked his earnings.

The Court should dismiss the Section 226 claim with prejudice.

---

[1] This matter was initially pursued by Plaintiff on a putative class basis.  Although Plaintiff's Motion for Class Certification was denied without prejudice and with Plaintiff given leave to refile the motion, he has not yet done so.  (ECF 105.)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

48631772.1

## II.    STATEMENT OF UNDISPUTED FACTS

Defendant briefly summarizes the factual allegations that both undergird and undermine Plaintiff's Section 226 claim.

### A.    Plaintiff's Core Allegation Related to Alleged Security Checks.

Plaintiff alleges six causes of action in his Complaint, which can be found at ECF 1-1.  The causes of action are for:

1. Failure to Pay Minimum Wage or Overtime Wages
2. Failure to Provide Meal Periods
3. Failure to Provide Rest Breaks
4. Failure to Provide Accurate Wage Statements
5. Failure to Timely Pay Unpaid Wages Due at Time of Separation
6. Unfair Business Practices

(*Id.*)

The common allegation supporting all of these claims is found at paragraph 11 of the Complaint, where Plaintiff alleges that FedEx Ground "did not pay wages to Plaintiff or other warehouse employees for the time they waited in line or went through security screening at the beginning of their shift, any time they left the premises during meal or rest breaks or returned from leaving the premises during meal or rest breaks, [and] at the end of their shift . . . ."  (Undisputed Fact ("UF") 1.[2]) The same alleged security checks are cited as the reason why Plaintiff was allegedly denied meal periods and rest breaks.  (UF 2-3.)

### B.    Plaintiff Framed His Wage Statement Claim As Purely "Derivative".

By his own admission, Plaintiff's fourth cause of action for inaccurate wage statements is "derivative" of his claim for unpaid wages and meal/rest premiums.

---

[2] Defendant's Separate Statement of Undisputed Facts and Conclusions of Law is filed concurrently herewith.

48631772.1

As alleged at paragraph 52 of the Complaint, FedEx Ground "did not accurately state Plaintiff and other warehouse employees' gross wages earned, total hours worked, net wage earned, and number of hours worked at each hourly rate by the employees." (UF 4.)  The supposed reason for FedEx Ground "inaccurately set[ting] forth this information" was that it "failed to account for the hours worked and wages earned by employees during the time they were required to wait in line for and go through mandatory security checks" and "also failed to account and pay for meal and rest period premium wages [owed] due to its requirement that employees pass through and wait in line for mandatory security checks during meal and rest breaks[.]" (UF 5.)

As summarized by Plaintiff, "the wage statements provided to employees were inaccurate because they did not include the hours worked and wages earned by employees during security screening time and/or meal and rest period premiums that should have been paid." (UF 6.)

The derivative nature of this claim is specified in paragraph 54, where Plaintiff states that, "[a]s a *derivative result* of the failure to pay wages," FedEx Ground also violated Section 226. (UF 7.)

C.   **Plaintiff Testified That His Wage Statements Accurately Identified All Amounts He Was Paid.**

At his deposition, Plaintiff doubled down on his derivative theory of liability.

Plaintiff testified that his wage statements included the categories of information required by Labor Code § 226(a), including the employer's name and address, the total hours worked, the rate of pay, and total pay. (UF 8.)  Plaintiff also confirmed that the hours listed on his wage statements corresponded with the hours that he was paid. (UF 9.)

Once again, the claimed defect with the wage statements was that they did not include pay for alleged security checks, even though Plaintiff *knew* that any such time was not included.  The following colloquy illustrates this point:

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

48631772.1

1  Q:  [Y]ou understand you're suing FedEx . . . for claimed wages in
2  connection with security checks; right?
3  A:  Correct.
4  Q:  Okay.  But you can see there's no reference on your . . . pay stub to
5  any security check pay; right?
6  A:  No, I don't see it.
7  Q:  Okay.  And . . . I take it you understood you were not being paid at
8  that time, in April 2019, for any claimed security check time; right?
9  A:  Correct.
10  * * *
11  Q:  And based on our review right now, is there any information listed
12  on this wage statement that you think is inaccurate?
13  A:  Yeah, the time, security guard check, standing in line.
14  Q:  Okay.  But you knew that wasn't listed on this wage statement;
15  right?
16  A:  Yeah.  It's not here.  I don't see it.
17  (UF 10.)  A set of Plaintiff's wage statements are submitted as Exhibit 1 to the
18  concurrently filed Declaration of Andrea Cox.
19  **III.   <u>APPLICABLE LEGAL STANDARD</u>**
20  Summary judgment should be granted in whole or in part where "there is no
21  genuine dispute as to any material fact and . . . the movant is entitled to judgment as
22  a matter of law."  Fed. R. Civ. Proc. 56(a).
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

48631772.1

## IV.   **LEGAL ARGUMENT**

By his own admission, Plaintiff's wage statement claim is completely derivative of his claims for unpaid wages and meal/rest premiums.

### A.   **Plaintiff's Wage Statements Included The Required Categories Of Information And Accurately Reflected All Amounts Paid.**

Pursuant to Labor Code Section 226(a), an employer must provide employees with an "accurate itemized statement" along with each payment of wages, showing particular items, including gross and net wages earned, total hours worked, hourly rates, etc.

At no point has Plaintiff claimed that his wage statements did not include the categories of information required by Labor Code § 226(a).  Nor does he contend that the amounts listed on his wage statements did not match the amounts that he was actually paid by FedEx Ground.  Rather, he exclusively argues that his wage statements *should have* included additional pay because of alleged security checks.

This theory of liability fails for two independent reasons, as discussed below.

### B.   **Plaintiff's Derivative Section 226 Claim Seeks an Impermissible Double Recovery.**

Numerous courts have dismissed similar derivative wage statement claims for the exact same circumstances presented here, finding that an award of damages for a violation *and* allowing penalties for a derivative wage statement claim amounts to an improper double recovery.

For example, in *Maldonado v. Epsilon Plastics, Inc*., 22 Cal. App. 5th 1308, 1336–37 (2018), *review denied* (Aug. 22, 2018), the California Court of Appeal held that plaintiffs could not recover on a wholly derivative wage statement claim under Section 226.  There, plaintiffs were not properly paid overtime.  *Id.* at 1335.  The trial court awarded plaintiffs penalties for inaccurate wage statements because the wage statements documented the improper overtime wage rates.  *Id.* at 1334.  The Court of Appeal held that "the absence of accurate *wages earned* will be remedied

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

by the violated wage and hour law itself," not the wage statement claim, and remanded to eliminate the award for wage statement penalties. *Id.* at 1336, 1339 (original emphasis).

Similarly, in *Castro v. Wal-Mart Inc.*, No. 20-cv-00928-JAM-KJN, 2020 WL 4748167, at *2 (E.D. Cal. Aug. 17, 2020), the plaintiff alleged that his employer "failed to include accurate hours and gross wages earned due to Defendants' systematic policies of failing to compensate Plaintiff and members of the Plaintiff Class for all time worked, including time spent 'off the clock.'" *Id.* at 1. The court dismissed the Section 226 claim and explained that claims for "off the clock" work are "based on 'wages earned' since [the] allegation for failure to compensate off-the-clock work will be remedied by [a] wage and hour claim," not a wage statement claim. *Id.* at 2.

In *Parsittie v. Schneider Logistics, Inc.*, No. 19-3981-MWF (AFMx), 2020 WL 2120003 (C.D. Cal. Oct. 29, 2019)[3], the plaintiff—***exactly like Plaintiff here***— alleged that his employer had a policy of not paying employees for off-the-clock work. *Id.* at *7. The plaintiff alleged the uncompensated time constituted a regular wages violation and a Section 226 violation. *Id.* The court dismissed the Section 226 claim without leave to amend, reasoning that a "recovery under this claim would be impermissible because section 226 is not intended to permit a 'double recovery' such as Plaintiff seeks here." It found that dismissal was justified where the plaintiff's "Opposition admits that his wage statement claim is based on the same theories as his claims for unpaid wages and missed breaks, which is impermissible." *Id.*

In *Sagastume v. Psychemedics Corporation, et al.*, CV 20-6624 DSF (GJSx),

---

[3] The district court opinion was affirmed in part, reversed in part, and remanded in *Parsittie v. Schneider Logistics, Inc.*, --- Fed. Appx. ---, 2021 WL 2365978 (9th Cir. June 9, 2021). While the Ninth Circuit in *Parsittie* disagreed with other aspects of the lower court ruling, it found that the "district court properly dismissed Parsittie's wage-statement claim under California Labor Code § 226(a)." *Id.* at *2.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

48631772.1

2020 WL 8175597 (C.D. Cal. Nov. 30, 2020), the plaintiff alleged that her employer "intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements" including by failing "to include the accurate total number of hours worked by Plaintiff and the other class members." *Id.*, at \*5. The court dismissed the wage statement claim because "[r]ecovery on her wage statements claim then would be impermissible double recovery for her hours worked claims."

Other courts are in accord. *See also Morales v. Paschen Management Corporation*, No. CV 19-2505-MWF (GJSx), 2019 WL 6354396, at \*9 (C.D. Cal. Sept. 27, 2019) ("California Labor Code section 226 is not intended to permit a 'double recovery' like Plaintiff seeks here. Plaintiff's claim is based on Defendants' alleged deduction of time for meal breaks Plaintiff did not actually receive, which is entirely duplicative of Plaintiff's previous causes of action."); *Razo v. Cemex Construction Materials Pacific, LLC*, No. CV 20-11175-MWF (KSx), 2021 WL 3466326, at \*6 (C.D. Cal. Mar. 30, 2021) (same); *Krauss v. Wal-Mart, Inc.*, No. 2:19-cv-00838-JAM-DB, 2019 WL 6170770, at \*4 (E.D. Cal. Nov. 20, 2019) (same); *Pyara v. Sysco Corp.*, No. 2:15-CV-01208-JAM-KJN, 2016 WL 3916339, at \*7 (E.D. Cal. July 20, 2016) (same).[4]

The same reasoning that underlies each of these rulings applies to this case. Plaintiff's wage statement claim is derivative of his claims for unpaid wages and premiums. Plaintiff's attempt to recover unpaid wages and meal/rest premiums based on alleged off-the-clock work, *and* a penalty because the wage statements did

---

[4] Certain other district courts—particularly in the Northern District of California—have elected not to apply *Maldonado* in this context, including finding that the decision only applies where the hours worked are correct but the hourly rate is incorrect. *See, e.g., Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2020 WL 3961985, at \*5 (N.D. Cal. July 13, 2020). Defendant questions the logic of these decisions, since the plaintiff's contention in *Maldonado* that the hourly rate was inaccurate is identical—for purposes of Labor Code § 226—to plaintiff's contention here that the hours worked were inaccurate.

7

not record the time spent allegedly working off-the-clock, is an attempt to obtain a double recovery, which has been explicitly and wisely rejected by each of the abovementioned courts.

### C.   Plaintiff Fails to Allege the Requisite Injury Because His Wage Statements Accurately Reported the Wages Paid

Plaintiff's Section 226 claim also fails because he cannot articulate a cognizable injury.

Under Section 226(e), an employer is only liable for inaccurate wage statements if the employee is *injured* by a knowing and intentional failure to comply with Section 226(a).  An employee is deemed to have suffered an "injury" for purposes of Section 226(e) when the employee cannot determine from the wage statement the amount of gross and net wages actually "paid . . . during the pay period" and the amount of deductions actually "made . . . during the pay period." *See* Cal. Labor Code § 226(e)(2)(B)(i)-(ii).

As noted by the California Court of Appeal, '"[t]he purpose of requiring greater wage stub information is to insure that employees are adequately informed of compensation received and are not shortchanged by their employers.'" *Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 392 (2016) (citations to quotations omitted). The *Soto* court continued, "Consistent with the purpose, an employer is required to identify only those statutory items that are part of the employee's current monetary compensation [and] must provide the employee with an itemized statement identifying the specific wages being paid at the time of the payment . . . ." *Id.* at 392-93.

Thus, courts regularly dismiss Section 226 claims where, like here, the plaintiff fails to allege that he was unable to determine the amount of wages he was *actually paid* in that pay period from the face of his wage statements, and instead alleges a violation based on what he should have been paid.  *See De La Torre v. Am. Red Cross,* No. CV 13-4302-DDP (JEMx), 2013 WL 5573101, at *6 (C.D. Cal. Oct.

8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

48631772.1

9, 2013) (dismissing Section 226 claim because the plaintiff failed to allege that she was unable to "promptly and easily determine" from the wage statement "the amount of gross wages or net wages actually paid to her during the pay periods at issue."); *Sherman v. Schneider National Carriers, Inc.,* No. 18-08609-AB (JCx), 2019 WL 3220585, at *5 (C.D. Cal. March 6, 2019) (dismissing wage statement claim because "Plaintiff has alleged only that the amount he was paid was incorrect, not that the wage statements inaccurately reflected the wages he was paid."); *Lyter v. Cambridge Sierra Holdings, LLC,* No. CV 17-3435-MWF (AGRx), 2017 WL 8186044, *5 (C.D. Cal. July 25, 2017) ("Plaintiff has failed to allege that she was unable to determine the amount of wages she was actually paid from the face of her wage statements.  Rather, she alleges that the amount she was paid was incorrect.  Accordingly, Plaintiff has not met section 226 's injury requirement.").

Here, Plaintiff does not contend that the wage statements he received were inaccurate in reporting the wages *actually paid to him* during the applicable pay periods.  To the contrary, he admitted at his deposition that the wage statements accurately reported the amounts paid him.  In other words, Plaintiff alleges that the wage statements were only inaccurate because they did not reflect the hours that Plaintiff believes he *should* have been paid for, but was not paid.

The alleged failure to include compensation that the employee claims should have been paid does not give rise to Section 226(e) penalties.  In fact, "wage statements do not violate § 226(a) even if the amount paid was incorrect."  *Sherman,* 2019 WL 3220585 at *5.  As long as the wage statement accurately reflects those wages the employee was actually paid, there is no injury.  Once again, this is not the type of conduct that Section 226 was enacted to regulate and deter.

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

48631772.1

## V.    <u>CONCLUSION</u>

For the foregoing reasons, FedEx Ground requests that the Court grant this Motion and dismiss Plaintiff's Section 226 claim with prejudice.


DATED: September 27, 2021          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.



By:  /s/ Alexander M. Chemers
     Evan R. Moses
     Alexander M. Chemers
     Melis Atalay
     Omar M. Aniff

     Attorneys for Defendant
     FEDEX GROUND PACKAGE SYSTEM, INC.

48631772.1